UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

KRISTA SUBLETT,

        Plaintiff,

v.

LANDSHARK GROUP, INC., A
Florida Profit Corporation doing business as
LANDSHARK SEAFOOD AND OYSTER
BAR,

        Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTA SUBLETT (hereinafter referred to as "Plaintiff" or "Ms. Sublett"), by and through her undersigned attorney, **sue** Defendant LANDSHARK GROUP, INC., A Florida Profit Corporation doing business as LANDSHARK SEAFOOD AND OYSTER BAR, (hereinafter referred to as "Defendant") for damages in excess of $ 75, 000 for violations of her civil rights occurring during her employment relationship with Defendant. Plaintiff sues Defendant under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"), the Civil Rights Act of 1871, as amended, the Florida Civil Rights Act of 1992, Section 760.01 *et seq.*, Florida Statutes ("FCRA"), based on hostile work environment, quid pro quo sexual harassment, and retaliation, and in support would state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1337 and Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e-16.

2. This Court has supplemental jurisdiction over Plaintiff State law claims pursuant to 28 U.S.C. Section 1367. This Court has original jurisdiction over Plaintiff's claims that arise under federal law and supplemental / pendent jurisdiction over her related state law claim(s).

3. Plaintiff has exhausted her administrative remedies. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") based upon Sexual Harassment Claims and Retaliation. Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue on filed charges. All conditions precedent to institution of this action by Plaintiff has been fulfilled.

4. Pursuant to 28 U.S.C. Section 1391, venue of this action is proper in the Northern District of Florida. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because the Defendant is located within this district, because the Defendant employed Plaintiff in this district, because Defendant made adverse employment decisions in this district.

**PARTIES**

5. The Plaintiff, has been an employee with the Defendant on February 6, 2020 until her constructive termination in February, 2020.

6. At all times material hereto, Defendant is a Florida Corporation within Jackson County, Florida, and it is sui juris. At all times material hereto, Defendant continuously has been an employer engaged in an industry effecting commerce within the meaning of Title VII and the Florida Civil Rights Act. *See* 42 U.S.C. Section 2003 *et seq.*, and Section 760.02(7), Florida Statutes.

**INTRODUCTION**

7. At all times material hereto, Plaintiff was employed by Defendant.

8. Plaintiff race is female.

9. Plaintiff began her employment as a bartender, with owner

Shane A. Britt ("Britt") as her direct supervisor. Britt is listed as owner under Florida Corporation fictitious name filing for Defendant. The other owners of the Defendant, were Glinda Hathorn ("Hathorn") and Flem Houston.

10. Britt began his predatory harassment on the Plaintiff from the inception of her employment began as a bartender. Britt who closely worked with the Plaintiff, would use his position, to go behind the bar while the Plaintiff worked, and sexual harass the Plaintiff.

11. Britt would harass the Plaintiff in the cooler, while she was restocking the bar, by coming up behind her and rubbing his privates on her. The objections to stop the continued harassment which went on daily, were ignored by Britt.

12. Britt would make verbal comments regarding the appearance of the Plaintiff, making comments on the size of her breasts and buttocks. These comments were made to the Plaintiff on a continued basis and after the Plaintiff would ask him to stop, the comments still continued.

13. The Plaintiff worked a full five day shift with the Defendant when her employment began. Britt continued the harassment both physically and verbally, and Plaintiff finally took his actions to owner Hathorn. Hathorn brushed off the Plaintiff's complaints.

14. It was after the complaints to Hathorn that Britt became retaliatory against the Plaintiff. The Plaintiff was removed from the bar as a Bartender, and placed as a server. Her schedule went from five days to three days after her complaints to Hathorn.

15. Britt retaliated against the Plaintiff to get her to quit with a reduced schedule, and this led to her constructive termination as a result of her unable to make a living to pay her bills as a result of the reduction of her schedule.

16. These forced encounters by Britt perpetuated her hostile working environment as they humiliated and degraded her.

17. Britt's behavior was ongoing and severe and pervasive and adversely altered her job

environment.

18. Plaintiff is responsible for the reasonable attorney fees of the undersigned lawfirm.

## COUNT I

### Violations of Title VII-Hostile Work Environment

19. Plaintiff adopts and realigns paragraphs 1-18 above as if incorporated herein.

20. Plaintiff is a female, and the Defendant willfully discriminated against the Plaintiff by sexually harassing her, and fostering a hostile work environment.

21. Defendant conduct against the Plaintiff by ignoring her complaints allowed Britt to continue his predatory harassment against the Plaintiff, and his behavior created a work environment unbearable for the Plaintiff to continue to work.

22. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as an employee.

23. The unlawful employment practices complained of were intentional.

24. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

25. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff demands judgment for damages against the Defendant, including One Million Dollars ($1,000,000) in damages, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages,

punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT II

### DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (HOSTILE WORK ENVIRONMENT)

26. Plaintiff adopts and realigns paragraphs 1-18 above as if incorporated herein.

27. Plaintiff is a female, and the Defendant willfully discriminated against the Plaintiff by sexually harassing her, and fostering a hostile work environment.

28. Defendant conduct against the Plaintiff by ignoring her complaints allowed Britt to continue his predatory harassment against the Plaintiff, and his behavior created a work environment unbearable for the Plaintiff to continue to work.

29. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as an employee.

30. The unlawful employment practices complained of were intentional.

31. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's state protected rights.

32. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff demands judgment for damages against the Defendant, including One Million Dollars ($1,000,000) in damages, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages,

punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT III

### PLAINTIFF'S CLAIM OF RETALIATION IN VIOLATION OF TITLE VII

33. Plaintiff adopts and realigns paragraphs 1-18 above as if incorporated herein.

34. That the Defendant retaliated against the Plaintiff as described above in paragraphs 14, 15 and 16.

35. Defendant's adverse action of removal of the Plaintiff on the schedule from a five day to three day schedule was retaliation for her complaints of her sexual harassment.

36. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff demands judgment for damages against the Defendant, including One Million Dollars ($1,000,000) in damages, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

DEMAND FOR A JURY TRIAL THIS 1ST DAY OF JUNE, 2020

Respectfully submitted,

Discrimination Law Center, P.A.

*Attorneys for Plaintiff*
433 Plaza Real
Suite 275
Boca Raton, Florida 33432
(561) 271-1769 tel.

By: <u>s/Jay F. Romano</u>
Jay F. Romano
Trial Attorney
Florida Bar No.: 0934097

## VERIFICATION

STATE OF FLORIDA )
)SS
COUNTY OF Washington)

*Krista Sublett* 6/1/2020
Krista Sublett

BEFORE ME the undersigned authority, personally appeared KRISTA SUBLETT who, after being duly cautioned and sworn deposes and says that he/she has read the above Complaint attached hereto and that the information contained Complaint is true and correct.

[Notary Seal: VICKI C LAMB, Notary Public - State of Florida, Commission # GG 204300, My Comm. Expires Jun 19, 2022, Bonded through National Notary Assn.]

*Vicki C Lamb* 6-1-20

**NOTARY**